IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVE L. ROBINSON                                                                                           PETITIONER
ADC #76791

V.                                        NO. 5:04cv00428 JLH-JWC

LARRY NORRIS, Director,                                                                            RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Steve L. Robinson, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2). Respondent concedes that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see id.* § 2254(a) & (b), but asserts that the petition should be dismissed for other reasons (docket entry #9). Petitioner has replied (docket entry #11). For the reasons that follow, the petition should be **dismissed** in its entirety as untimely.

I.

Following a jury trial in the Circuit Court of Lincoln County, Arkansas, Petitioner was convicted of first degree murder, possession of a firearm by certain persons, and abuse of a corpse. He was sentenced, on March 5, 2002, to life imprisonment. (Resp't Ex. A.)[1] Petitioner appealed, and the Arkansas Supreme Court affirmed on May 29, 2003.

---

[1] Respondent's exhibits are attached to docket entry #9.

*Robinson v. State*, 108 S.W.3d 622 (Ark. 2003) (Resp't Ex. B, C, D).  The mandate issued on June 17, 2003.  (Resp't Ex. E.)

On October 2, 2003, Petitioner filed in the Lincoln County Circuit Court a petition for state post-conviction relief pursuant to Ark. R. Crim. P. 37.  (Resp't Ex. F.)  On September 27, 2004, the court denied the petition as untimely, as it was not filed within sixty days of the date of issuance of the mandate.  *State v. Robinson*, No. LCR-2001-36-2-5 (Lincoln Co. Cir. Ct. Sept. 27, 2004) (Resp't Ex. G); *see* Ark. R. Crim. P. 37.2(c) (2004) (Rule 37 petition must be filed within sixty days of issuance of appellate court mandate affirming a conviction).  Petitioner did not appeal.  (Resp't Ex. H.)

Petitioner now brings this federal habeas petition, advancing the following claims:

    1.    Denial of effective assistance of counsel and conflict of interest as Petitioner's trial counsel knew the victim and her family;

    2.    Petitioner was mentally incompetent and this was never raised at trial;

    3.    He was denied the right to a fair trial as the victim and her family were well known in Star City and the surrounding area; and

    4.    The victim's death was accidental, Petitioner was acting in self defense, and there was no intent, premeditation or aggravated cause.

Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the one-year statute of limitations for federal habeas petitions, as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally barred because Petitioner failed to first properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).

II.

Section 2244(d) provides as follows:

>  (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of ---
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment becomes final for purposes of § 2244(d)(1)(A) upon either (1) the conclusion of all direct criminal appeals in the state system, followed by the completion or denial of certiorari proceedings before the United States Supreme Court, or (2) if certiorari is not sought, the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.  *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003); *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

In the instant case, the Arkansas Supreme Court issued its decision affirming Petitioner's convictions on May 29, 2003. After that date, Petitioner had ninety days, or until August 27, 2003, to file a petition for writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.3 (petition must be filed within ninety days after entry of judgment or order sought to be reviewed, not from issuance date of mandate), 30.1 (computation of time). He chose not to do so. As a result, August 27, 2003, is the date on which Petitioner's judgments of conviction became final. Filing deadlines fall on the anniversary date of the triggering event, making any federal habeas petition due on August 27, 2004. *Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002).

Assuming Petitioner submitted his habeas petition to prison officials for mailing on the day he signed it, this habeas petition was filed on November 24, 2004, almost three months after the deadline. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).[2]

As stated above, the time during which a properly filed state post-conviction proceeding is pending is not counted toward any period of limitation under § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of

---

[2] Respondent identifies the filing date as January 21, 2005, which is incorrect. The petition shows a signature date of November 24, 2004, and was filed-marked by the Clerk of this Court on December 2, 2004 (docket entry #2). Petitioner's application to proceed *in forma pauperis*, also file-marked December 2, 2004, was denied due to the balance in his inmate account (docket entries #1, #3). Petitioner was directed to submit the $5.00 statutory filing fee, which the Court received on December 15, 2004 (docket entries #3, #4). By order entered on January 21, 2005, the Court directed service upon Respondent (docket entry #5).

the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). When a state post-conviction proceeding is untimely, it was not "properly filed" and has no tolling effect. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). When a state court clearly rules that a post-conviction petition is untimely under state law, "'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414; *Evans v. Chavis*, 126 S. Ct. 846, 850 (2006).

Here, the state circuit court clearly and unequivocally determined that Petitioner's Rule 37 post-conviction petition was untimely. (Resp't Ex. G.) Under Arkansas law, Rule 37's time limitations are jurisdictional, and relief may not be granted on an untimely petition for post-conviction relief. *Mims v. State*, 199 S.W.3d 681, 681 (Ark. 2004). Once it is determined that jurisdiction does not exist due to the untimeliness of a post-conviction petition, the case must be disposed of on that basis. Maxwell v. State, 767 S.W.2d 303, 305 (Ark. 1989). Since the state courts lacked jurisdiction to consider Petitioner's untimely Rule 37 petition, it cannot be considered to have been "properly filed." Therefore, the time during which his state post-conviction petition was pending does not toll the federal limitations period.

In response to the untimeliness argument, Petitioner says he was never informed about the federal habeas statute of limitations, there was no notification in the prison law library, and his appointed state-court attorney did not tell him about the time limit. He also asserts that he is incompetent, is "illiterate to law," and has been able to proceed only with the assistance of other inmates, who are not lawyers. He says he raised all of his claims in state court, and that failure to consider his claims here would lead to a "result that was adverse of [his] actual innocence."

While Petitioner does not specifically invoke any of § 2244(d)(1)'s grounds for extending the filing deadline, his assertions could be liberally construed as an argument that the limitations period should be extended under § 2244(d)(1)(B) due to an unconstitutional, state-created impediment, that is, the failure of the ADC and his court-appointed attorney to inform him about the federal limitations period. His allegations also could be construed as invoking the doctrine of equitable tolling, which may be appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or "when conduct of the defendant has lulled the prisoner into inaction." *Shoemate v. Norris*, 390 F.3d 595, 597 (8th Cir. 2004).

The Court knows of no requirement, constitutional or otherwise, that the ADC inform state prisoners of changes in the law generally or, specifically, of the one-year limitations period for federal habeas petitions. "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003). Petitioner does not argue that the prison law library did not contain the applicable statutes, that the statutes were concealed from him, that they were not accessible either through the books or the computer or the assistance of library personnel, or that he was prevented in any way from utilizing the library's resources. In fact, many inmates from the unit where Petitioner is housed have managed to file timely federal habeas petitions since passage of the limitations statute ten years ago, and various related issues have been litigated frequently. Habeas petitioners are expected to exercise reasonable diligence to be aware of and comply with applicable filing deadlines. Therefore, the ADC's alleged failure to affirmatively notify inmates such as Petitioner of the federal

limitations period does not amount to a state-created impediment, in violation of constitutional law, which prevented him from complying with the one-year provision.

Nor does his state court-appointed attorney's failure to advise him about the limitations period for pursuing federal post-conviction relief amount to an unconstitutional state-created impediment. There is no constitutional right to the assistance of an attorney in state or federal collateral post-conviction proceedings. *Coleman*, 501 U.S. at 752; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *see Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *cert. granted*, 126 S. Ct. 1625 (2006) (allegedly incompetent state-provided attorney "is not the type of State impediment envisioned in § 2244(d)(1)(B)").

Moreover, the circumstances alleged by Petitioner were not so "extraordinary" as to warrant equitable tolling. A habeas petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Equitable tolling affords "an exceedingly narrow window of relief" and is not justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or misunderstanding of the intricacies of state post-conviction procedures and their effect on the limitations period. *Shoemate*, 390 F.3d at 597-98; *see Baker*, 321 F.3d at 771-72 (incarcerated petitioner's limited law library access and alleged lack of notice of the statute of limitations is inadequate to warrant equitable tolling). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001).

Petitioner asserts that he was "previously a mental patient" and is "incompetent, mentally and in other areas."[3] However, there is no allegation or evidence of any medically diagnosed psychotic disorder, any adjudication of incompetency or incapacity, or any inability to function within the general prison population, maintain prison employment, or manage his personal affairs. Petitioner's conclusory allegations of mental incapacity are belied by his ability to pursue – as a *pro se* litigant – this federal habeas petition, a state-court post-conviction petition (Resp't Ex. F), and a 42 U.S.C. § 1983 civil rights lawsuit against prison officials in this Court and the Eighth Circuit Court of Appeals. *See Robinson v. Varner Unit, et al.*, No. 5:05cv00093-HDY (E.D. Ark. Nov. 9, 2005) (judgment of dismissal), *aff'd*, No. 05-4478 (8th Cir. Dec. 6, 2006). Petitioner has not demonstrated that, during the applicable time period, he was so incapable of rational thought that he could not appreciate his legal situation or ascertain that he must take steps to protect his rights. *See Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2001) (unpub. op.) (prisoner's mental impairment did not justify equitable tolling where, during applicable time frame, he lived in general population of prison, was employed at prison's factory, appeared coherent and alert at all times, did not suffer from hallucinations, was not suicidal or homicidal, and was capable of registering a written complaint to prison officials); *Rowe v. Maine*, 324 F. Supp. 2d 238, 242 (D. Me. 2004) (no equitable tolling where inmate was able to pursue *pro se* legal claims during period of alleged incapacity).

Finally, it is clear in the Eighth Circuit that a claim of actual innocence, standing alone, is insufficient to justify equitably tolling the federal habeas limitations period:

---

[3] In his Rule 37 petition in state court, he alleged that his attorney and the court failed to investigate his "emotional as well as mental stability and well being," and he said he was "mentally incompetent," had been a resident at Fort Roots veterans' hospital in Little Rock, and is a military veteran who had to retire early because of "stress related problems." (Resp't Ex. F, ¶¶ 16-17.)

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002).

In support of his actual-innocence claim, Petitioner says there was no "exclusive DNA," there was a conspiracy between the police and prosecutors, the victim was never positively identified and no body was ever produced, and he was coerced into making a self-incriminating statement that was illegally used against him.

The state court record shows that these "facts" were all available to Petitioner, or discoverable by him through the exercise of diligence, at the time of his criminal trial and direct appeal and, therefore, most certainly during the time for seeking a federal habeas petition. At his trial, police officers testified that they questioned Petitioner following the disappearance of his stepsister, who had recently moved in with his wife and him. According to the police, Petitioner initially denied knowing anything about the victim's disappearance, but eventually told them that he had shot her in self-defense and then burned her body in a burn pit behind his house, along with all her clothes and belongings. Police retrieved a piece of bone from the burn pit, as well as some personal items which the victim's daughter identified as belonging to her mother. Petitioner's tape-recorded statement was played for the jury, and his counsel was permitted to cross-examine the officers about the police investigation and the circumstances of Petitioner's incriminating statement. (Resp't Ex. C,[4] at 13-29.) A forensic scientist testified that they were unable

---

[4]This is a copy of Petitioner's brief filed with the Arkansas Supreme Court in his direct appeal, which contains an abstract of the trial testimony.

to extract any DNA from the bone fragment due to fire damage. (*Id.* at 29-30.) Petitioner also testified at trial, giving his version of events, including the circumstances of his statement to police. (*Id.* at 33-41.) In his direct appeal, Petitioner argued that the trial evidence was insufficient to support his convictions because it was based solely on his statement and testimony from other witnesses about "circumstantial matters." (*Id.* at 53-55.)

Petitioner has not shown the existence of any action or inaction by the state or any state actor that prevented him, in the exercise of reasonable diligence, from raising his current specific factual and legal arguments in a timely federal habeas petition. In the absence of obstructive state action, an actual-innocence claim simply cannot, under the current state of the law in the Eighth Circuit, entitle a petitioner to equitable tolling. *Flanders*, 299 F.3d at 977-78; *see also Baker*, 321 F.3d at 772 (no equitable tolling where habeas petitioner alleged no state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub. op.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced."). Petitioner's actual-innocence claim does not entitle him to equitable tolling of the statutory limitations period.

Petitioner does not contend that any of § 2244(d)(1)'s other provisions affect the computation of the federal limitations period, and they do not appear applicable under the facts of this case. The underlying facts for the claims obviously were known to Petitioner in time to file a federal habeas petition because he raised similar claims in his state proceedings, and the constitutional rights at issue are well-established. *See Strickland v.*

*Washington*, 466 U.S. 668 (1984) (criminal defendant's right to effective assistance of counsel); *Cuyler v. Sullivan*, 446 U.S. 335 (1980) (Sixth Amendment violation where actual conflict of interest adversely affected counsel's performance); *Ake v. Oklahoma*, 470 U.S. 68 (1985) (if sanity is to be significant factor at trial, criminal defendant has due process right to psychiatric evaluation and assistance); *Medina v. California*, 505 U.S. 437 (1992) (due process clause prohibits criminal prosecution of defendant who is not competent to stand trial); *Spencer v. Texas*, 385 U.S. 554 (1967) (due process clause guarantees fundamental elements of fairness in a criminal trial); *In re Winship*, 397 U.S. 358 (1970) (due process clause prohibits conviction except upon proof beyond reasonable doubt of each element of charged crime).

III.

In summary, all of Petitioner's federal habeas claims are untimely, and he has not demonstrated that the one-year limitations period should be tolled or extended under any statutory or equitable principles.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) should be **dismissed in its entirety with prejudice**.

DATED this 17th day of January, 2007.

_____
UNITED STATES MAGISTRATE JUDGE